UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEBBIE MOORE,**

    **Plaintiff,**

v.                                  **CASE NO. 8:10-CV-0643-T-23EAJ**

**MICHAEL J. ASTRUE,**
**Commissioner of Social**
**Security Administration,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB").

After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case, the undersigned recommends that the Commissioner's decision be affirmed and this case be dismissed.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's

findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner.  See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard.  See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required.  See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**Background**

Plaintiff filed an application for DIB on February 28, 2005, alleging a February 26, 2004 onset date.  (T 16)  The application was denied initially and upon reconsideration, and an administrative hearing was held on July 23, 2007.  (Id.)  Forty-nine years old at the time of the hearing, Plaintiff had a tenth-grade education and past work experience as a housekeeping supervisor and retail sales clerk.  (T 575-78, 602-03)

On November 30, 2007, an ALJ denied Plaintiff's application.  (T 29)  The ALJ found that Plaintiff's severe impairments included degenerative disc disease of the lumbar spine and right knee pain, but that these impairments, individually or in combination, did not meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1.  (T 18-19)  Despite these impairments, Plaintiff was determined to have a residual functional capacity ("RFC") to perform light work subject to the following limitations: no more than occasional bending, stooping, crouching, and kneeling; a sit/stand option; and no more than routine, predictable tasks.  (T 19)  Finding Plaintiff capable of performing jobs available in significant numbers in the national economy, such as information clerk, telephone monitor, and security system monitor, the ALJ

concluded that Plaintiff was not disabled during the relevant period. (T 28-29) On January 29, 2010, the Appeals Council denied review of the ALJ's decision, making it the final decision of the Commissioner. (T 2)

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

## Analysis

Plaintiff contends that the ALJ erred by: (1) failing to identify certain impairments as severe; (2) not evaluating Plaintiff's obesity pursuant to Social Security Ruling ("SSR") 02-1p; (3) not finding Plaintiff disabled pursuant to 20 C.F.R. Part 404, Subpart P, App. 1 §§ 1.02A ("Listing 1.02A") and 1.04A ("Listing 1.04A"); (4) failing to specify the weight assigned to certain medical opinions; (5) failing to discuss findings in connection with a workers compensation settlement; (6) improperly discounting Plaintiff's credibility; (7) improperly discounting Plaintiff's husband's credibility; and (8) posing an incomplete hypothetical to the vocational examiner ("VE"). Plaintiff further submits that the denial of benefits was erroneous in light of new evidence submitted directly to the Appeals Council.

**I.    Severe Impairments**

Plaintiff contends that the ALJ should have found additional severe impairments at step two because Plaintiff's medical records document a recurrent muscle spasm, neck problems, a chronic strain or soft tissue problem, weakness, and pain. However, Plaintiff fails to explain how these impairments significantly limited her ability to perform basic work activities.[1] See 20 C.F.R. §§

---

[1] "Such a cursory treatment of a potentially important issue is taken by this Circuit to be a sign that the party has abandoned the argument." Callahan v. Barnhart, 186 F. Supp. 2d 1219, 1230 n.5 (M.D. Fla. 2002) (citations omitted).

3

404.1520(c), 416.920(c). Given Plaintiff's failure to cite evidence that she was functionally limited by these conditions, remand on this issue is unwarranted. See Wind v. Barnhart, 133 F. App'x 684, 690-91 (11th Cir. 2005) (per curiam) (unpublished).

**II.     SSR 02-1p**

Plaintiff contends that the ALJ failed to consider the impact of Plaintiff's obesity on her physical and mental impairments under the standard set forth in SSR 02-1p. Plaintiff emphasizes her height and weight and a physician's diagnoses of morbid obesity; however, neither specific weights nor descriptive terms for obesity, including "morbid," establish whether obesity is severe. SSR 02-1p. Rather, this determination turns on the impact on a claimant's functioning. Id.

Plaintiff did not claim she was functionally limited by obesity in her application or at the administrative hearing.[2] (T 188-89, 576, 581, 584) Moreover, she does not cite any medical evidence indicating that she was functionally limited by obesity.[3] Consequently, the ALJ did not err in failing to discuss the impact of Plaintiff's obesity on her physical and mental impairments. See, e.g., Harris v. Astrue, No. 8:08-cv-1425-T-TBM, 2009 WL 2868423, at *4-6 (M.D. Fla. Aug. 31, 2009).

**III.    Listings**

In determining whether a plaintiff's condition meets or equals a listed impairment, it is the plaintiff's burden to produce all medical evidence and findings necessary to make this determination.

---

[2] Plaintiff's March 2005 disability report states that her ability to work was limited by a bulging disc in her spine, severe pain in her back, weakness in her right leg, and neck and shoulder pain. (T 188-89) At the administrative hearing, Plaintiff testified that she gained fifty pounds following a work injury and tried to lose weight, but did not assert that she was functionally limited by her weight. (T 576, 581, 584)

[3] Plaintiff's failure to cite evidence supporting her argument suggests the issue is abandoned. See Callahan, 186 F. Supp. 2d at 1230 n.5.

Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986) (per curiam) (citing 20 C.F.R. §§ 404.1525, 404.1526).

    a.    **<u>Listing 1.02A</u>**

Plaintiff argues that the ALJ should have found her disabled pursuant to Listing 1.02A, which provides for a disability finding where a major joint dysfunction involving a hip, knee, or ankle precludes effective ambulation. To satisfy the listing, the condition must be "[c]haracterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s)." Listing 1.02.

Plaintiff saw Ladapo Shyngle, M.D. ("Dr. Shyngle") for an orthopedic examination in September 2007. (T 223-25) Dr. Shyngle indicated that Plaintiff could not walk one block at a reasonable pace on rough or uneven surfaces. (T 231) Nonetheless, Plaintiff had full bilateral range of motion in her hips, knees, and ankles, 4/5 strength in her right leg, 5/5 strength in her left leg, no muscle atrophy, and no joint effusion, inflammation, or instability. (T 225)

In finding Plaintiff unable to walk a block at a reasonable pace on rough or uneven surfaces, Dr. Shyngle effectively concluded that Plaintiff could not ambulate effectively.[4] See Listing 1.00B(2)(b)(2). Plaintiff cites no evidence, however, satisfying the remaining requirements for a

---

[4] Although ineffective ambulation "generally" requires the use of a hand-held assistive device, Listing 1.00B(2)(b)(1), "examples of ineffective ambulation include, but are not limited to ... the inability to walk a block at a reasonable pace on rough or uneven surfaces." Listing 1.00B(2)(b)(2); see Moss v. Astrue, 555 F.3d 556, 562 (7th Cir. 2009) (per curiam). "The criteria do not require an individual to use an assistive device of any kind.... [I]ndividuals with extreme inability to ambulate do not necessarily use assistive devices." Revised Medical Criteria for Determination of Disability, Musculoskeletal System and Related Criteria, 66 Fed. Reg. 58010, 58026-27 (Nov. 19, 2001).

disability finding under Listing 1.02A; indeed, the remainder of Dr. Shyngle's opinion militates against such a finding.[5]  Therefore, remand on this issue is unwarranted.

      **b.**      <u>**Listing 1.04A**</u>

Plaintiff also argues that the ALJ should have found her disabled pursuant to Listing 1.04A, which provides for a disability finding where a claimant has a spinal disorder that compromises a nerve root or the spinal cord, and the condition is accompanied by "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)."

Plaintiff submits that the requisite positive straight-leg raising test was satisfied by Dr. Shyngle's examination.  Dr. Shyngle, however, merely reported that a straight-leg raising test indicated Plaintiff could raise her legs eighty degrees bilaterally whether seated or supine; he did not state that these results were positive.  (T 225) Plaintiff's failure to cite evidence indicating that this is a positive result indicates that the issue is abandoned.  See <u>Callahan</u>, 186 F. Supp. 2d at 1230 n.5.  Therefore, remand on this issue is unwarranted.

**IV.**    <u>**Weight Assigned to Medical Opinions**</u>

Plaintiff argues that the ALJ erred by failing to specify the weight assigned to the opinions of treating physicians Charles Friedman, D.O. ("Dr. Friedman"), Gamaliel Lopez, M.D. ("Dr. Lopez"), and Fadi Saba, M.D. ("Dr. Saba"), and one-time examiner Constantine Bouchlas, M.D.

---

[5] Plaintiff points out that another physician diagnosed her with a disc protrusion based on the results of an MRI, but does not explain how the MRI and diagnosis satisfy the remaining requirements for Listing 1.02A.  Plaintiff's failure to do so suggests the issue is abandoned.  See <u>Callahan</u>, 186 F. Supp. 2d at 1230 n.5.

("Dr. Bouchlas").

An ALJ's failure to specify the weight assigned to a treating physician's opinion is reversible error and requires acceptance of that opinion as true. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). However, the error is harmless if the opinion does not conflict with the ALJ's findings. See Caldwell v. Barnhart, 261 F. App'x 188, 191 (11th Cir. 2008) (per curiam) (unpublished); Wright v. Barnhart, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (unpublished).

Plaintiff contends that the failure was not harmless because the opinions document pain from herniated discs in her lumbar spine, morbid obesity, hypertension, weakness, and a lack of effective continuous pain relief. Plaintiff overlooks that an RFC need not include a list of a claimant's impairments, but rather must account for limitations stemming from those impairments. See Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citing 20 C.F.R. § 404.1545(a)). Plaintiff fails to identify any documented functional limitations stemming from these impairments.[6] Because Plaintiff has not demonstrated that Dr. Friedman, Dr. Lopez, Dr. Saba or Dr. Bouchlas assigned limitations inconsistent with Plaintiff's RFC, remand on this issue is unwarranted.

## V.   Workers Compensation

Plaintiff submits that the ALJ erred by failing to discuss findings in connection with a workers compensation claim Plaintiff settled for $110,000 in June 2006. (T 74-75, 598) Reasoning that the size of the settlement suggests that a workers compensation carrier found Plaintiff permanently and totally disabled, Plaintiff speculates that a state agency may have reached the same

---

[6] The court declines to scour the record for objective evidence of functional limitations consistent with Plaintiff's argument. Plaintiff's failure to support her argument with specific record citations suggests the issue is abandoned. See Callahan, 186 F. Supp. 2d at 1230 n.5.

7

conclusion.

"The findings of disability by another agency, although not binding on the Secretary, are entitled to great weight." Bloodsworth v. Heckler, 703 F.2d 1233, 1241 (11th Cir. 1983) (citations omitted). However, Plaintiff cites no evidence of disability findings by another agency. Rather, Plaintiff merely speculates as to whether a state agency made such findings. Because the ALJ had no duty to discuss findings that were not part of the record, remand on this issue is unwarranted.

## VI. Plaintiff's Credibility

The Eleventh Circuit has established a three-part standard to use when evaluating a claimant's complaints of pain and other subjective symptoms. A plaintiff must show: (1) evidence of an underlying medical condition; and either (2) medical evidence which substantiates the severity of the pain from the condition; or (3) the condition is of sufficient severity that it would be reasonably expected to produce the pain alleged. See Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986) (per curiam).

Where an ALJ declines to credit a claimant's testimony as to pain, the ALJ must articulate explicit and adequate reasons for doing so. Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995) (per curiam). A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court. Id. A lack of an explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. Id. (citation omitted).

At the administrative hearing, Plaintiff reported daily pain in her legs, lower back, neck, and/or right arm. (T 585-86) Although the pain averaged a five or six on a scale of one to ten, it was sometimes "past a 10." (T 586-87) It would cause numbness in her right arm and hand, preventing

her from grasping or reaching overhead. (T 587, 593) Plaintiff could walk from her front door to the street, but could not walk one full block. (T 590) She could sit for one hour, could stand for ten minutes, and could not bend, kneel, or squat. (T 590-91) Pushing or pulling would cause pain in her arm, shoulder, neck, and lower back. (T 593) Plaintiff was unable to write a letter, change linens, cook, or wash dishes. (T 588, 593-94) Plaintiff also reported ongoing mental health problems and thoughts of suicide, but stated that she had last obtained mental heath treatment in 1999 and was not taking psychiatric medication at the time of the hearing. (T 594-96)

The ALJ concluded that Plaintiff's testimony was not entirely credible because it was inconsistent with objective medical evidence, there was a lack of evidence that Plaintiff complied with a December 2005 recommendation to undergo nerve blocks and physical therapy, and Plaintiff obtained only sporadic treatment in 2006 and 2007. (T 26) As for Plaintiff's alleged mental health issues, the ALJ emphasized that a consulting psychologist concluded that Plaintiff had no mental health limitations whatsoever.[7] (T 26, 238)

Plaintiff submits that objective medical evidence supports her subjective complaints, citing various pages of the record without explaining how they do so. Although the cited reports include various diagnoses, they do not confirm that Plaintiff was as limited as claimed. Indeed, Plaintiff does not identify any medical opinion assigning her functional limitations consistent with those she alleged at the hearing. As Plaintiff does not argue that the ALJ otherwise erred in discounting Plaintiff's testimony, remand on this issue is unwarranted. There is substantial evidence supporting the ALJ's credibility evaluation. See Allen v. Sullivan, 880 F.2d 1200, 1202-03 (11th Cir. 1989)

---

[7] To the extent Plaintiff argues that the ALJ erred in light of psychiatric records submitted directly to the Appeals Council, Plaintiff's argument is without merit as those records were not available for the ALJ's review.

(per curiam).

## VII. **Plaintiff's Husband's Credibility**

At the administrative hearing, Plaintiff's husband testified that Plaintiff could no longer perform housework, could not stand long enough to cook a meal, could not sit for long, and experienced decreased mental stability. (T 599-601) Plaintiff submits that the ALJ erred by not discussing Plaintiff's husband's credibility. Because the ALJ rejected Plaintiff's testimony, which was consistent with Plaintiff's husband's testimony, there is an obvious implication that the ALJ did not regard the latter as credible. Therefore, any error by the ALJ in failing to discuss Plaintiff's husband's credibility is not a basis for remand or reversal. See Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983) (per curiam).

## VIII. **VE Hypothetical**

Plaintiff submits that the ALJ erred by posing a hypothetical to the VE that did not include certain limitations assigned by Dr. Shyngle and other physicians.

Dr. Shyngle reported that Plaintiff could not walk a block at a reasonable pace on rough or uneven surfaces. (T 231) He also stated that Plaintiff could not walk more than 250 feet without a cane. (T 227) After the ALJ posed a hypothetical that did not account for these limitations, the VE testified that the hypothetical person could perform work as an information clerk, telephone monitor, and security system monitor. (T 28) The ALJ found the VE's testimony consistent with the Dictionary of Occupation Titles ("DOT") (T 29), which indicates that none of these jobs require an ability to walk more than 250 feet without a cane or to walk a block at a reasonable pace on rough or uneven surfaces. See DOT §§ 237.367-018, 205.367-054, 372.667-034. Because the ALJ relied not only on the VE's testimony, but also on consistent information in the DOT, any error in omitting

these limitations from the VE hypothetical was harmless. See Caldwell, 261 F. App'x at 190; cf. Dial v. Comm'r of Soc. Sec., 403 F. App'x 420, 421 (11th Cir. 2010) (per curiam) (unpublished).

Plaintiff further contends that the hypothetical should have accounted for the need to miss work two times per month due to diagnoses of moderate depression, morbid obesity, and uncontrollable hypertension.[8] However, none of the physicians who diagnosed these conditions stated that Plaintiff would need to miss work two days per month. Plaintiff cites no authority for the proposition that such diagnoses necessitate such a limitation. Consequently, the ALJ did not err in omitting this limitation from the hypothetical, and remand on this issue is unwarranted.

## IX.     New Evidence

Finally, Plaintiff submits that the denial of benefits was erroneous in light of supplemental evidence submitted directly to the Appeals Council.

"[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1262 (11th Cir. 2007). The court should assess whether the Commissioner's final decision is supported by substantial evidence on the record as a whole. See id. at 1266-67.

From July 2007 to October 2007, Dr. Lopez diagnosed hypertension and chronic low back pain. (T 563, 565, 567-68) He advised Plaintiff to continue using medications, but did not assign her any functional limitations.

In January 2008, approximately two months after the ALJ rendered his decision, MRIs of

---

[8] To the extent Plaintiff argues that the hypothetical should have included limitations assigned in psychiatric records submitted directly to the Appeals Council, Plaintiff's argument is without merit as those records were not available for the ALJ's review.

11

Plaintiff's spine indicated a disc herniation, a bulging disc, and moderate degenerative narrowing. (T 558-60) Approximately two weeks later, Plaintiff was referred to a neurosurgeon to evaluate a four-year-history of lumbar stenosis and a herniated nucleus pulposus. (T 557)

In February 2008, Plaintiff saw Karl Jones, M.D. ("Dr. Jones") for a psychiatric evaluation. (T 544) A social and occupational functioning assessment suggested significant impairments. (T 545) Diagnosing chronic, severe major depression and assigning Plaintiff a GAF score of "about" 50,[9] Dr. Jones concluded that Plaintiff was totally disabled. (T 545-46) He recommended that Plaintiff undergo one-on-one psychotherapy and obtain appropriate medication management from a psychiatrist. (T 546) In response to an April 2009 letter from Plaintiff's counsel, Dr. Jones checked a box indicating that Plaintiff's condition would have been as severe from February 2004 onward. (T 547)

In March 2008, Plaintiff saw Rafael Beltran, M.D. ("Dr. Beltran"), who diagnosed major depressive disorder and assigned Plaintiff a GAF score of 50. (T 549-52) Dr. Beltran adjusted Plaintiff's medications and recommended supportive therapy, but did not assign her any functional limitations. (T 549) Plaintiff returned to Dr. Beltran two weeks later and on two occasions the following May; on each occasion he adjusted her medication without assigning functional limitations. (T 553-55)

Although this evidence documents various medical tests, diagnoses, and prescriptions, only Dr. Jones's report assigned Plaintiff functional limitations. Those limitations were not accounted for in Plaintiff's RFC and indicate that Plaintiff's severe impairments included a mental condition.

---

[9] A GAF score of 41-50 reflects "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV-TR") 34 (4th ed. text rev. 2000).

Nonetheless, because Dr. Jones was a one-time examiner, his opinion is "not entitled to great weight." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1160 (11th Cir. 2004) (per curiam) (citation omitted). Moreover, his opinion that Plaintiff was so limited from February 2004 onward directly conflicts with the September 2007 opinion of Linda Appenfeldt, Ph.D. ("Dr. Appenfeldt"), another one-time examiner, who concluded that Plaintiff's emotional and psychological functioning was fair. (T 238) Dr. Appenfeldt's opinion is consistent with Plaintiff's testimony that she had not sought mental health treatment since 1999 and was not taking psychiatric medication at the time of the hearing. (T 594-96) In sum, any conflict between Dr. Jones's opinion and the remaining evidence does not render the denial of benefits erroneous. Therefore, remand on this issue is unwarranted.

## Conclusion

The ALJ's decision is supported by substantial evidence and the proper legal principles. The decision of the Commissioner should therefore be affirmed.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) the decision of the Commissioner be **AFFIRMED** and this case dismissed, with each party to bear its own costs and expenses; and

(2) the Clerk of the Court be directed to enter final judgment in favor of Defendant consistent with 42 U.S.C. 405(g) and close this case.

**Date:   June 10, 2011**

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge